UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
ADAM JOHNSON, KELLY GRIFFIN, KEITH
WESOLOWSKI, PETER JOHNSON and
BRACKIE BRYANT et al.
Individually And On Behalf of All Others
Similarly Situated,

        Plaintiffs,

        v.

FANDUEL, INC.,
a Delaware corporation,

        -and-

DRAFTKINGS, INC.,
a Delaware corporation,
        Defendants.
------------------------------------- x

Case No. 15-cv-7963-GHW (JLC)

# DEFENDANTS DRAFTKINGS, INC.'S AND FANDUEL, INC.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR JOINT MOTION TO STAY PROCEEDING PENDING A DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

GIBSON, DUNN & CRUTCHER LLP
Randy M. Mastro
   email: rmastro@gibsondunn.com
James P. Fogelman
   email: jfogelman@gibsondunn.com
200 Park Avenue, 48th Floor
New York, NY 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for Defendant DraftKings, Inc.*

MORRISON & FOERSTER LLP
Michael B. Miller
250 West 55th Street
New York, New York 10019
Telephone: 212-468-8000
Facsimile: 212-468-7900
Email: mbmiller@mofo.com

*Attorney for Defendant FanDuel, Inc.*

Defendants DraftKings, Inc. ("DraftKings") and FanDuel, Inc. ("FanDuel") respectfully and jointly submit this memorandum of law in support of their motion to stay the proceedings pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML"). A stay already has been entered in a parallel proceeding involving nearly identical allegations, and there is good reason for this Court to enter a stay here. *See Allgeier v. DraftKings, Inc. and FanDuel Inc.*, No. 15-798, ECF No. 5 (W.D. Ky. Oct. 30, 2015) (attached as Exhibit 1).

Defendants DraftKings and FanDuel move this Court to stay all proceedings in this action pending a decision by the JPML on whether this case, and more than two dozen others, should be consolidated before one court for pretrial proceedings pursuant to the Multidistrict Litigation transfer process ("MDL"). *See* 28 U.S.C. § 1407. Once the threshold question of which court will preside over this action is resolved, each Defendant will file a motion to compel Plaintiffs to submit their claims to arbitration, in accordance with the provisions Plaintiffs agreed to in DraftKings' and FanDuel's respective Terms of Use.

This action is one of many cases filed against DraftKings and FanDuel that arise from the same nucleus of alleged facts. The central allegation of the complaint here, and in more than two dozen other putative class action cases pending in federal courts across the nation (the "employee-play cases"), is that FanDuel purportedly allowed DraftKings employees to play on the FanDuel website using material non-public information belonging to DraftKings. Similarly, Plaintiffs claim that DraftKings purportedly allowed FanDuel employees to play on the DraftKings website using material non-public information belonging to FanDuel. (Compl. ¶¶ 5-8.) In addition, other cases filed against FanDuel and DraftKings allege that website users were purportedly deceived by the terms of offers to match users' initial deposits into their fantasy

1

sports accounts ("initial-deposit cases"). Some of the purported class actions contain allegations regarding both the initial-deposit promotion and employee-play.

All told, there are more than twenty-seven cases pending across the country asserting claims related to DraftKings' and FanDuel's daily fantasy sports contests.[1]

On October 15, 2015, a plaintiff in one of these putative class action cases filed a petition before the JPML to have the daily fantasy sports cases brought before one court under the MDL procedure. (*In re: Daily Fantasy Sports Marketing and Sales Practices Litigation*, MDL No. 2677.)[2] On October 17 and 18, 2015, two more petitions were filed. (*In re: DraftKings, Inc., Fantasy Sports Litigation*, MDL No. 2678; *In re: FanDuel, Inc., Fantasy Sports Litigation*, MDL No. 2679.)[3] This case was identified in the Schedule of Actions filed in two of the MDL petitions. (*See* MDL No. 2677 (Oct. 15, 2015) ECF No. 1, Ex. 2; MDL No. 2679 (Oct. 17, 2015) ECF No. 1, Ex. 2.) The JPML has set a briefing schedule and is likely to hear these petitions during its January 28, 2016 session. Defendants expect that the JPML will consolidate some or all of the cases and assign them to one judicial district for pretrial proceedings (including resolving Defendants' anticipated threshold motions to compel arbitration in each of the cases).

Because it is likely that this action will be centralized with many others before a single court, Defendants respectfully request that this Court stay all pretrial proceedings until the JPML has ruled. Awaiting the JPML's decision would serve the principal aims of multidistrict litigation—preserving resources of the courts and litigants and avoiding inconsistent decisions on the same pretrial issues (including motions to compel arbitration)—by allowing a single

---

[1] Exhibit 2 (table identifying all "initial-deposit" and "employee-play" cases filed against DraftKings and FanDuel).

[2] Exhibit 3 (Petition in MDL No. 2677).

[3] Exhibits 4 and 5 (Petitions in MDL Nos. 2678, 2679).

2

transferee court to consider the common legal and factual pretrial issues together and issue consistent rulings on such issues. *See In re Air Crash Near Kirksville, Mo., on Oct. 19, 2004*, 383 F. Supp. 2d 1382, 1383 (J.P.M.L. 2005). Numerous courts have previously recognized the propriety of staying proceedings while the JPML considers a motion to consolidate and transfer similar cases to a single transferee court, and this case is no exception. *Ritchie Capital Mgmt., LLC v. Gen. Elec. Capital Corp.*, 87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015) ("It is common for courts to stay an action pending a transfer decision by the JPML."); *Pierre v. Prospect Mortg., LLC*, No. 13-453, 2013 U.S. Dist. LEXIS 156005 (N.D.N.Y. Oct. 31, 2013) ("This Court agrees with others that have found that indeed judicial resources would be better served by granting a stay pending the JPML's decision.")

## I. ARGUMENT

Federal courts possess inherent powers to stay proceedings before them. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–255 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Courts have routinely exercised this inherent authority to stay pretrial proceedings during the pendency of a motion before the JPML seeking coordinated pretrial proceedings. Indeed, "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) (citing cases).

There is a good reason that this is the majority rule: an interim stay promotes judicial economy and avoids inconsistent results. For that reason, the Second Circuit has suggested a preference for staying cases so that the transferee court may address common and recurring

3

issues in the cases. *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990). In *Ivy*, the district court entered a stay pending the JMPL's decision, and the Second Circuit noted that "real economies" resulted because common issues could "be heard and resolved by a single court and reviewed at the appellate level in due course." *Id.* Accordingly, the district courts have recognized that "This Circuit Routinely Grants Motions to Stay Proceedings Pending JPML Action." *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 369 (S.D.N.Y. 2013) (capitalization in original); *see also, e.g.*, *Med. Soc'y v. Conn. Gen. Corp.*, 187 F. Supp. 2d 89, 91–92 (S.D.N.Y. 2001) (staying a case pending JPML action "minimize[s] the duplication of judicial resources and promote[s] in those decisions uniformity and consistency"); *Bd. of Trs. of Teachers' Ret. Sys. v. WorldCom, Inc.*, 244 F. Supp. 2d 900, 905-06 (N.D. Ill. 2002) (finding that "the interests of judicial economy and the threat of inconsistent rulings" favor a stay of all pretrial proceedings pending the JPML's transfer decision); *Animal Sci. Prods., Inc. v. Hebei Welcome Pharm. Co. Ltd.*, No. CIVACV-05-453DGT, 2005 WL 3555926, at *1 (E.D.N.Y. Dec. 23, 2005) (staying action pending decision by the MDL Panel ensures "valuable judicial resources will be preserved").[4]

---

[4] *See also Cheney v. Eli Lilly & Co.*, No. 14-cv-02249-KMT, 2014 WL 7010656, at *1 (D. Colo. Dec. 9, 2014) ("As a general rule, 'courts frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case.'"); *Silverthorn v. Lumber Liquidators, Inc.*, Nos. 15-cv-01428-JST, 15-cv-01475-JST, 2015 WL 2356785, at *7 (N.D. Cal. May 15, 2015) ("[T]he interest of judicial economy would be furthered by deferring ruling on these motions until after the JPML has made its decision."); *Franklin v. Prospect Mortg., LLC*, No. 2:13-cv-00790 JAM-AC, 2013 WL 6423389, at *2 (E.D. Cal. Dec. 9, 2013) ("Because a temporary stay would promote judicial economy and efficiency by preventing any possible duplicative efforts by this Court, the judicial economy factor weighs in favor of granting the stay."); *Torres v. Johnson & Johnson*, Civ. No. 14-743 KG/RHS, 2014 WL 6910478, at *3 (D.N.M. Sept. 16, 2014) (granting a stay pending decision of JPML due to the "burden of duplicative litigation in different courts . . . [and] the possibility of conflicting decisions"); *McVicar v. Goodman Global Inc.*, No. SACV 13-1223-DOC (RNBx), 2013 WL 6212149, at *2 (C.D. Cal. Nov. 25, 2013) ("[I]n consideration of the fact that the action is still in its nascent stages of development and out of deference to the JPML, the Court finds it prudent to temporarily stay this case pending a decision by the JPML."); *Benge v. Eli Lilly & Co.*, 553 F. Supp. 2d 1049, 1051 (N.D. Ind. 2008) ("The Court finds that the considerations of judicial economy and potential prejudice to the Defendant weigh in favor of granting the requested stay."); *Toppins v. 3M Co.*, No. 4:05CV01356ERW, 2006 WL 12993, at *1–2 (E.D. Mo. Jan. 3, 2006) ("Judicial economy weighs in favor of granting the request for a temporary stay pending a decision by the MDL panel."); *Beal v. Merck & Co.,*

*(Cont'd on next page)*

One court already has granted a stay in a parallel proceeding pending the JPML's decision. *Allgeier*, No. 15-798, ECF No. 5 (W.D. Ky. Oct. 30, 2015). In this case, both consistency and judicial economy will be served by similarly staying pretrial proceedings pending the JPML's decision on the motion to transfer and consolidate the actions. If numerous courts, including this Court, proceed with pretrial matters in advance of the JPML's decision, then the efforts of the courts and litigants will be needlessly repeated many times over. *See, e.g., Ritchie*, 87 F. Supp. 3d at 471 (granting motion to stay pending JPML's decision in order to avoid "duplicative proceedings and inconsistent or inefficient" regimes). For example, Defendants now face more than two dozen complaints challenging their practices in federal courts across the country. Defendants each have an arbitration provision in their respective Terms of Use that they intend to bring a motion to enforce at the threshold, but it does not make any sense for multiple courts to consider the same issue. That would be wasteful and, at least in theory, could also give rise to inconsistent orders. The theoretical possibility of inconsistent rulings could force Defendants to proceed through arbitration for some cases and continue litigating in others, and could encourage forum shopping among potential plaintiffs.

Further, if these actions are transferred and consolidated before a single district court, it is likely that a single consolidated complaint will be prepared. In the unlikely event that Defendants' arbitration clauses are not upheld, it would be much more efficient for the parties and the court to allow Defendants to respond to one complaint, rather than twenty-seven (or

---

*(Cont'd from previous page)*

*Inc.*, No. 05-1344-T/AN, 2005 WL 3279285, at *2 (W.D. Tenn. Dec. 1, 2005) (staying motion to remand because "in the absence of a stay, the risk to [the defendant] of duplicative motions and discovery is significant"); *Mirabile, M.D. v. Blue Cross & Blue Shield of Kan. City, Inc.*, No. 05–2223-KHV-DJW, 2005 WL 1593661, at *2 (D. Kan. July 7, 2005) (finding that a stay of all proceedings pending a ruling by MDL "will serve the interests of justice, promote judicial economy, and prevent the parties from incurring unnecessary litigation costs in the meantime").

more). *See* 8 James Wm. Moore et al., *Moore's Federal Practice* § 42.13[5][a] (3d ed. 2015) (noting advantages of consolidated complaints as management tool for complex litigation). Requiring Defendants to forge ahead in this case now would result in nothing more than waste and a duplication of effort.

Nor will such a stay unfairly prejudice the Plaintiffs. If the MDL Motion is granted, and this case is transferred, then the transferee court may consider any and all pretrial matters at that time. "Courts have determined that such short delays caused by staying proceedings until the JPML decides whether to transfer a case usually do not prejudice the plaintiff." *Royal Park Invs.*, 941 F. Supp. 2d at 372; *see, e.g.*, *In re Ivy*, 901 F.2d at 9. In the unlikely event the MDL Motion is denied, then the stay can be immediately lifted, and this Court can proceed with this matter as before. Under these circumstances, Plaintiffs face no unfair prejudice from the requested stay. *Royal Park Invs.*, 941 F. Supp. 2d at 372 ("Thus, 'the risk of hardship to [defendant] of engaging in duplicative motion practice and discovery proceedings outweighs any prejudice that could potentially inure to [plaintiff].'").

The fact that Plaintiffs have filed a Motion for Preliminary Injunction does not alter this analysis. (Mot. Prelim. Inj., ECF No. 7) The courts have held that proceeding with a preliminary injunction motion in advance of the JPML's decision "would undoubtedly be a waste of judicial resources." *Oklahoma ex rel. Pruitt v. U.S. Envtl. Prot. Agency*, Nos. 15-CV-0381-CVE-FHM, 15-CV-0386-CVE-PJC, 2015 U.S. Dist. LEXIS 100225, at *14 (N.D. Okla. July 31, 2015). That is particularly true here. Plaintiffs' Motion seeks an order that DraftKings and FanDuel "refrain from using any money from customer accounts for operating expenses or any other use," but Plaintiffs admit that the Motion "only ask[s] Defendants to do something they are both required to do ***and already purport to do***." (Mem. Supp. Pl.'s Mot. Prelim. Inj. 1-2,

ECF No. 8 (emphasis added).) Nor is there any allegation in the Motion, let alone evidence, that DraftKings and FanDuel are doing anything to the contrary. Because the "relief" the Motion seeks is already in place, there would be no prejudice to Plaintiffs from a short stay. Plaintiffs have already agreed to extend Defendants' time to respond to the Motion to December 2, 2015, and Defendants anticipate that the JPML will consider the pending MDL petitions during its January 2016 session. The small amount of additional time needed for the JPML to act would not harm Plaintiffs or cause prejudice to their pending Motion; "[i]f the cases are consolidated for pretrial proceedings, the MDL court will have the authority to hear any motions for preliminary injunction[.]" *Oklahoma*, 2015 U.S. Dist. LEXIS 100225, at *11; *JBR, Inc. v. Keurig Green Mountain, Inc.*, No. 2:14-cv-00677-KJM-CKD, 2014 WL 1767701, at *2 (E.D. Cal. May 2, 2014) (rejecting plaintiff's claim that staying preliminary injunction motion pending the JPML's ruling would cause "severe prejudice"; "plaintiff does not argue that this court or another will be unable to remedy any alleged harm done to plaintiff in the relatively near future").

Moreover, while DraftKings and FanDuel believe the motion for preliminary injunction is baseless, proceeding with Plaintiffs' Motion in advance of the JPML's ruling would create a theoretical risk of inconsistent rulings and a potential "patchwork quilt of preliminary injunctions granted or denied by various federal district courts[,]" should other plaintiffs follow suit. *Oklahoma*, 2015 U.S. Dist. LEXIS 100225, at *14.

Additionally, the Terms of Use that Plaintiffs and other users agreed to when they signed up to play on Defendants' respective websites contain forum selection provisions. For example, DraftKings' Terms of Use designates Suffolk County, Massachusetts as the appropriate forum

for adjudicating disputes.[5] (Compl. ¶¶ 51-56.) It would be inappropriate for this Court to consider Plaintiffs' preliminary injunction motion until the foundational issue of the appropriate forum is determined; otherwise Defendants' contractual rights to enforce the forum-selection clause will be trampled. *See, e.g.*, *Luce v. Edelstein*, 802 F.2d 49, 58 (2d Cir. 1986) (deferring ruling on preliminary injunction to the court identified in a forum-selection clause); *see also United Rentals, Inc. v. Pruett*, 296 F. Supp. 2d 220, 234 (D. Conn. 2003) (transferring the case to another district under the forum-selection clause while plaintiff's motion for preliminary injunction was pending). The Supreme Court has held that forum-selection clauses should be "given controlling weight in all but the most exceptional cases." *Atl. Marine Constr. v. U.S. Dist. Court*, 134 S. Ct. 568, 581 (2013).[6] Because this provision will need to be considered for *all* of the putative class actions, Defendants intend to address this issue before the JPML so that it can consider the appropriate forum for these putative class actions. Until then, it would be premature for this Court to determine the preliminary injunction.

There is no reason for this matter to proceed ahead of the many others that are being presented to the JPML for consolidated proceedings. To avoid prejudice to the parties from potentially inconsistent rulings and to ensure the efficient use of judicial resources, this action should be stayed pending the outcome of the JPML's decision.

## II. CONCLUSION

---

[5] Defendants' respective Terms of Use also contain arbitration clauses, and Defendants reserve their right to compel arbitration. Rather than make more than two dozen such motions in courts scattered across the country now, Defendants will wait until the cases are coordinated under the MDL process to each bring a single motion, which will foster efficiency and judicial economy.

[6] Just recently, the Southern District of Florida *sua sponte* transferred a nearly identical case against DraftKings to the District of Massachusetts because of the Terms of Use's venue provision. *Aguirre v. DraftKings, Inc.*, No. 15-cv-20353-DPG (S.D. Fla. Sept. 30, 2015), ECF No. 43). The court exercised its "inherent authority" to transfer the case because "the Agreement's forum selection provisions mandate that this action proceed in Suffolk County, Massachusetts." *Id.* at 2.

The majority of courts, including this court, have concluded that granting a stay while a motion to transfer and consolidate is pending with the MDL Panel is the most efficient course, due to the judicial resources that are conserved. Indeed, courts in the Second Circuit routinely grant motions to stay pending JPML action, and one court in a parallel proceeding involving DraftKings and FanDuel already has entered a stay pending the JPML's decision. (*See* Ex. 1.) The courts have granted stays even when plaintiffs had motions for remand or preliminary injunction pending. The risk of inconsistent rulings on such motions further underscores the need for stay motions to be granted in these circumstances. Therefore, DraftKings and FanDuel respectfully request that this Court stay this proceeding pending the outcome of the JPML proceeding.

DATED: October 30, 2015

By: _____

GIBSON, DUNN & CRUTCHER, LLP
Randy M. Mastro
    email: rmastro@gibsondunn.com
James P. Fogelman
    email: jfogelman@gibsondunn.com
200 Park Avenue, 48th Floor
New York, NY 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035

Attorneys for Defendant DraftKings, Inc.

By: [signature]

MORRISON & FOERSTER LLP
Michael B. Miller
250 West 55th Street
New York, New York 10019
Telephone: 212-468-8000
Facsimile: 212-468-7900
Email: mbmiller@mofo.com

Attorney for Defendant FanDuel, Inc.