# Exhibit 3

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: DAILY FANTASY SPORTS MARKETING AND SALES PRACTICES LITIGATION | MDL Docket No. \_\_\_\_ |

MOTION OF PLAINTIFF DAVID WHITE, ON BEHALF OF
HIMSELF AND ALL OTHERS SIMILARLY SITUATED, FOR TRANSFER
AND CONSOLIDATION OF RELATED ACTIONS TO THE
SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1407

Plaintiff David White, on behalf of himself and all others similarly situated, respectfully moves the Judicial Panel on Multidistrict Litigation, pursuant to 28 U.S.C. § 1407 and Rule 7.2 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation, for an Order Consolidating and Transferring Related Actions to the United States District Court for the Southern District of New York. This Motion is supported by the accompanying Memorandum of Law and Schedule of Actions.

1.  Five related deceptive trade practices lawsuits have been recently filed against companies that operate daily fantasy sports websites.[1] These five related actions are currently pending in four different United States District Court and include the following:[2]

<u>Southern District of New York</u>

- *White, et al. v. DraftKings, et al.*, No. 1:15-cv-08123 (filed Oct. 15, 2015)

---

[1] These daily fantasy sports websites permit individuals to play one-day fantasy sports competitions against other players on the same website. In order to participate in the daily fantasy sports contests, a player on the websites is required to create an account, place money in it, and then use that money to pay entry fees into each game. At the end of each day, winners of each fantasy sports contest are awarded prize money, which is credited to the players' accounts. The fantasy sports websites at issue in this litigation advertise and market their services as games of skill and strategy and therefore avoid gambling industry regulations, including the Unlawful Internet Gambling Enforcement Act.

[2] The five related actions described herein are referred to as the "Related Actions."

1

- *Johnson, et al. v. FanDuel, Inc., et al.*, No. 1:15-cv-07963 (filed Oct. 8, 2015)

Southern District of Illinois

- *Guarino, et al. v. DraftKings, Inc., et al.*, No. 3:15-cv-1123 (filed Oct. 9, 2015)

Eastern District of Louisiana

- *Genchanok, et al. v. FanDuel, Inc., et al.*, No. 2:15-cv-05127 (filed Oct. 13, 2015)

District of Massachusetts

- *Wicksman, et al. v. DraftKings, Inc.*, No. 1:15-cv-13559 (filed Oct. 13, 2015)

2. The Related Actions all involve class allegations of unfair, deceptive, fraudulent, and negligent commercial practices by an identical group of Defendants – DraftKings, Inc. and FanDuel, Inc. (collectively "Defendants").

3. Plaintiffs in these Related Actions allege that they were deceived by Defendants' misrepresentations that their fantasy sports contests were fair games of skills and omissions that their employees were permitted to participate in competitors' fantasy sports contests using non-public information that gave them a competitive advantage.

4. The Related Actions are brought by representative plaintiffs and seek relief for a nationwide putative class of consumers who paid entry fees to and competed in Defendants' daily fantasy sports contests. The Related Actions seek injunctive relief and damages, among other remedies.

5. Litigation in the five Related Actions is just commencing. The earliest complaint against Defendants was filed October 5, 2015. Procedurally, all five Related Actions are situated the same. No discovery has occurred in any of the Related Actions.

6. The Related Actions involve one or more common questions of fact as required by 28 U.S.C. § 1407. Common questions of fact include:

(a) Whether Defendants engaged in a course of fraudulent and deceptive conduct in the daily fantasy sports contests made available on their respective websites;

(b) Whether Defendants violated the laws of Massachusetts, Florida, and New York by their fraudulent and deceptive course of conduct, as described in the complaints, in the daily fantasy sports contests made available on their respective websites;

(c) Whether Defendants' fraudulent and deceptive conduct harmed Plaintiff and the Classes described in the Related Actions;

(d) Whether Defendants negligently allowed employees with access to non-public information to participate in their daily fantasy sports contests;

(e) Whether Defendants were unjustly enriched by their deceptive practices.

(f) The appropriate injunctive and related equitable relief; and

(g) The appropriate measure of damages sustained by the Plaintiffs and other members of the classes in the Related Actions.

7. As a consequence, transfer of the Related Actions for coordination or consolidation will prevent duplication of discovery, eliminate the possibility of conflicting pretrial rulings, and conserve judicial resources.

8. The United States District Court for the Southern District of New York is the most appropriate forum for coordination or consolidation of the Related Actions for the following reasons:

(a) Defendant FanDuel, Inc. is headquartered in the Southern District of New York;

(b) Defendant DraftKings, Inc. is headquartered in Boston, Massachusetts, which is in close proximity to the Southern District of New York;

(c) The Southern District of New York is easily accessible for geographically diverse Parties; and

    (d)    The Southern District of New York is well-suited to manage this litigation because it has an extraordinary amount of experience in multi-district litigation.

Accordingly, Plaintiff David White in the Southern District of York action respectfully request that the Judicial Panel on Multidistrict Litigation issue an Order transferring all Related Actions to the Southern District of New York for coordinated or consolidated pretrial proceedings.

Dated October 15, 2015                        Respectfully submitted,

                                              */s/ Charles J. LaDuca*
                                              Charles J. LaDuca
                                              CUNEO GILBERT & LADUCA, LLP
                                              507 C Street NE
                                              Washington, DC 20002
                                              Telephone:  (202) 789-3960
                                              Facsimile:  (202) 789-1813
                                              E-mail:    charles@cuneolaw.com