UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAM JOHNSON, KELLY GRIFFIN, KEITH WESOLOWSKI, PETER JOHNSON and BRACKIE BRYANT et al.<br>Individually And On Behalf of All Others Similarly Situated,<br><br>                                   Plaintiffs,<br>                  - against -<br><br>FANDUEL, INC.,<br>a Delaware corporation,<br>                  - and -<br>DRAFTKINGS, INC.<br>a Delaware corporation,<br>                                   Defendants. | Jury Trial Demanded<br><br>Case No. 15-cv-7963 (GHW) (JLC)<br><br>Hon. Gregory H. Woods, U.S.D.J.<br>Hon. James L. Cott, U.S.M.J. |

**RESPONSE IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION UNDER F.R.C.P. 65(a)**

Pursuant to Federal Rule of Civil Procedure 65, on October 19, 2015, Plaintiffs filed *Plaintiffs' Motion for Preliminary Injunction* (DE 7) (the "Motion").

The Motion sought an Order from this Court to prevent Defendants FanDuel, Inc. ("FanDuel") and DraftKings, Inc. ("DraftKings"), (collectively "Defendants") from using any money from customer accounts for operating expenses or any other use, and requiring Defendants to submit proof to Plaintiffs and the Court that all customer money is in segregated accounts and available for immediate distribution to customers if requested.

After discussions with Defendants, each offered the sworn statement of a financial officer of each defendant stating and affirming: that all customer money is in segregated accounts and available for immediate distribution to customers if requested; and that Defendants do not use any money from customer accounts for operating expenses or any other use. Those sworn statements are attached to this submission.

Because of the attached sworn statements of Defendants, Plaintiffs seek to withdraw their Motion without prejudice; to be renewed should the facts or events of the case warrant.

Dated: December 4, 2015

By:  s/ Paul C. Whalen

Paul C. Whalen (PW1300)
**LAW OFFICE OF PAUL C. WHALEN, P.C.**
768 Plandome Road
Manhasset, NY 11030
(516) 426-6870 telephone
(212) 658-9685 facsimile
pcwhalen@gmail.com

**JONES WARD PLC**
Jasper D. Ward IV
Alex C. Davis
Marion E. Taylor Building
312 S. Fourth Street, Sixth Floor
Louisville, Kentucky 40202
Tel. (502) 882-6000
Fax (502) 587-2007
jasper@jonesward.com
alex@jonesward.com

Counsel for the Plaintiffs and Proposed Classes

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

ADAM JOHNSON, KELLY GRIFFIN, KEITH
WESOLOWSKI, PETER JOHNSON and
BRACKIE BRYANT et al.
Individually And On Behalf of All Others
Similarly Situated,

        Plaintiffs,

        v.

FANDUEL, INC.,
a Delaware corporation,

        *-and-*

DRAFTKINGS, INC.,
a Delaware corporation,
        Defendants.

------------------------------------- x

Case No. 15-cv-7963-GHW (JLC)

## DECLARATION OF DAVID VANEGMOND, MANAGER, STRATEGY AND CORPORATE DEVELOPMENT, FANDUEL, INC.

MORRISON & FOERSTER LLP
Jamie A. Levitt
250 West 55th Street
New York, New York 10019
Telephone: 212-468-8000
Facsimile: 212-468-7900
Email: jlevitt@mofo.com

*Attorneys for Defendant FanDuel, Inc.*

la-1304386

I, David VanEgmond, hereby declare:

1. I am over the age of eighteen years and am competent and authorized to make this declaration. The facts stated in this declaration are based on my personal knowledge and on my review of records kept in the regular course of business by my employer, FanDuel, Inc. If called as a witness, I could and would competently testify about the matters stated herein.

2. I am currently employed by FanDuel, Inc. My title is Manager, Strategy and Corporate Development. My business address is FanDuel, Inc., 19 Union Square West, 9th Floor, New York, NY 10003.

3. In my capacity as Manager, Strategy and Corporate Development for FanDuel, Inc., I am generally familiar with the business organization, structure, financial policies and practices, and operations of defendant FanDuel, Inc.

4. FanDuel, Inc. operates a website at www.fanduel.com, where account holders play FanDuel's fantasy sports contests. To register an account, a prospective player must complete a registration form on the FanDuel website or via the FanDuel mobile application. Once a player sets up his or her account, the player can deposit funds to use in FanDuel-hosted fantasy sports contests.

5. It is, and has always been, FanDuel's policy to segregate all customer deposits and winnings in a separate bank account held by a FanDuel subsidiary. Currently, that subsidiary is FanDuel Deposits, LLC. This policy is set forth as part of FanDuel's Terms of Use, which are made available to all players as part of the registration process and readily available on FanDuel's website at https://www.fanduel.com/terms. The Terms of Use specifically state:

> Deposits, and player winnings after contests are finished, are held in a separate, segregated bank account by a subsidiary of FanDuel, Inc. Withdrawals will be made from this segregated bank account, and checks issued from that account may bear the name of FanDuel's subsidiary.

6.  FanDuel does not use segregated player funds for operating expenses or to make payments on any debt, pay investors, or pay legal fees. FanDuel has no present intention of making a change to this practice, and certainly has no plans to do so before the JPML's consideration of whether to consolidate this action with other pending cases under the multidistrict litigation process.

7.  The balances in FanDuel's segregated accounts are sufficient to account for all of FanDuel's customer balances on a dollar-for-dollar basis.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 3 day of Dec, 2015, in New York, New York.

_David VanEgmond_

David VanEgmond

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

ADAM JOHNSON, KELLY GRIFFIN, KEITH
WESOLOWSKI, PETER JOHNSON and
BRACKIE BRYANT et al.
Individually And On Behalf of All Others
Similarly Situated,

        Plaintiffs,

            v.

FANDUEL, INC.,
a Delaware corporation,

        -and-

DRAFTKINGS, INC.,
a Delaware corporation,
        Defendants.

------------------------------------x

Case No. 15-cv-7963-GHW (JLC)

# DECLARATION OF TIM DENT

Tim Dent affirms as follows under penalty of perjury pursuant to 28 U.S.C. §1746:

1. I am the Chief Financial Officer of DraftKings, Inc. ("DraftKings" or the "Company"). I have personal knowledge of the matters set forth in this declaration and, if called as a witness, I could and would competently testify about such matters.

2. In my capacity as Chief Financial Officer, I am generally familiar with DraftKings' business organization, structure, financial policies and practices, and operations. DraftKings operates a website at www.draftkings.com, where account holder customers play DraftKings' fantasy sports contests. Before making a deposit or entering any fantasy sports contests, all prospective customers are required to establish an account by registering with DraftKings. Once a customer sets up his or her account, the customer can deposit funds to use in DraftKings-hosted fantasy sports contests.

3. I understand that Plaintiffs' Motion for Preliminary Injunction under Fed. R. Civ. P. 65(a) concerns DraftKings' policies and practices with respect to funds in customer accounts. DraftKings segregates customer funds from its operating funds. All deposits from customers are settled into bank accounts that are segregated from the Company's operating accounts. All disbursements to customers are funded from these same accounts. The balances in these segregated accounts are sufficient to account for all of DraftKings' customer balances on a dollar-for-dollar basis. For additional security, excess funds are transferred from these bank accounts to a separate custody account. DraftKings has no present intention of making a change to this practice, and certainly has no plans to do so before to the JPML's consideration of whether to consolidate this action with other pending cases under the multidistrict litigation process.

4. To prevent theft, misuse, or embezzlement, on a monthly basis, DraftKings' accounting department reconciles all cash and PayPal accounts, including customers' cash

1

accounts, to account for all customer funds. These reconciliations are detail-reviewed by the Assistant Controller and are subject to secondary review by the Director of Finance & Accounting. DraftKings does not allow the Assistant Controller and the Director of Finance & Accounting to authorize customers' payments (or to void customers' payments), thus creating an additional control on customer funds.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 2 day of December, 2015 at 12:35, in Boston, Massachusetts.

_____
Tim Dent